IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 14-90040

———————————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2014

Lyle W. Cayce
Clerk

WASTE MANAGEMENT OF LOUISIANA, L.L.C.,

     Plaintiff - Respondent

v.

JEFFERSON PARISH, through the Jefferson Parish Council,

     Defendant - Petitioner

———————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6764

———————————————————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

     The district court denied a motion to dismiss based on forum non conveniens, and we must decide if substantial grounds for difference of opinion exist so as to permit interlocutory review.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Waste Management filed this breach of contract suit against Jefferson Parish in the Eastern District of Louisiana. The contract contains the following clause:

> Jurisdiction: This Agreement and the performance thereof shall be governed, interpreted, construed and regulated by the laws of the State of Louisiana and the parties hereto submit to the jurisdiction of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The parties hereby waiving any and all plea[s] of lack of jurisdiction or improper venue.

Jefferson Parish filed a motion to dismiss on the grounds of forum non conveniens, arguing that the suit had to be filed in state court based on the Supreme Court's holding in *Atlantic Marine Construction Co.* that forum selection clauses should be enforced absent exceptional circumstances. *See* 134 S. Ct. 568, 581 (2013). The district denied Jefferson Parish's motion, reasoning that *Atlantic Marine* does not apply to permissive forum selection clauses like this one. It then authorized this interlocutory appeal. In its motion seeking permission to file an interlocutory appeal, Jefferson Parish agrees to assume that the clause at issue is permissive rather than mandatory. The legal question it wants this court to decide is whether *Atlantic Marine* applies to permissive forum selection clauses.

## II.

Interlocutory appeals are reserved for exceptional cases that meet three statutory requirements. *See* 28 U.S.C. § 1292(b). To grant an interlocutory appeal, the district court must certify that the issue involves "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* After the district

authorizes an appeal, these criteria help determine whether the court of appeals should exercise its discretion and agree to hear the appeal. *See Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 399 (5th Cir. 2010) (en banc); 16 Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. JURIS. § 3930 (3d ed.) (describing the discretion as a "second-stage screening function"). Our concern here is with whether the issue involves a substantial ground for difference of opinion.

We have long recognized a distinction between mandatory and permissive forum selection clauses. *See City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504–05 (5th Cir. 2004); *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir. 1994); *Keaty v. Freeport Indonesia*, 503 F.2d 955, 956 (5th Cir. 1974). Unlike their mandatory counterparts, permissive forum selection clauses allow but do not require litigation in a designated forum. As such, we have never required district courts to transfer or dismiss cases involving clauses that are permissive. *See, e.g.*, *id.*

Does *Atlantic Marine* undo that distinction?[1] *Atlantic Marine* involved a mandatory clause and its analysis seems premised on the existence of that type of clause. *See* 134 S. Ct. at 581 n.5 ("Our analysis presupposes a contractually valid forum-selection clause."). It certainly said nothing disagreeing with the mandatory/permissive distinction. The vast majority of district courts deciding this issue have rejected *Atlantic Marine*'s application to permissive forum selection clauses. *See, e.g.*, *Fin. Cas. & Sur., Inc. v. Parker,* 2014 WL 2515136, at *3 (S.D. Tex. June 4, 2014) (citing cases). So has the only court of appeals that has considered the issue. *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024, 1029–30 (11th Cir. 2014) (remanding case for

---

[1] *Atlantic Marine* involved a motion to transfer venue based on a mandatory forum selection clause that designated a different federal forum. The Supreme Court added, however, that the same framework it set forth applies to a *forum non conveniens* motion seeking dismissal based on a forum selection clause requiring a state or foreign forum. *See* 134 S. Ct. at 580–82.

determination whether the contract "contains a mandatory forum-selection clause" that would implicate *Atlantic Marine*).  Jefferson Parish relies on two district court cases applying *Atlantic Marine* to permissive clauses, but those cases do not analyze the issue in depth or acknowledge contrary authority.  *See Compass Bank v. Palmer*, 2014 WL 355986, at \*5 (W.D. Tex. Jan. 30, 2014); *United Am. Healthcare Corp. v. Backs*, 997 F. Supp. 2d 741, 750 (E.D. Mich. 2014).  Given the absence of any language from the Supreme Court rejecting our longstanding approach on this issue and the heavily lopsided nature of the post-*Atlantic Marine* split in the district courts, Jefferson Parish has not persuaded us that we should exercise our discretion to hear this interlocutory appeal.

IT IS ORDERED that leave to appeal from the interlocutory order of the United States District Court of the Eastern District of Louisiana, New Orleans, entered on September 4, 2014, is DENIED.